George A. Tatum, Jr. and Helen L. Tatum v. Commissioner.
Tatum v. Commissioner
Docket No. 25568.
United States Tax Court
1951 Tax Ct. Memo LEXIS 181; 10 T.C.M. (CCH) 602; T.C.M. (RIA) 51195; March 26, 1951
J. Sidney Lanier, Esq., 244 Peachtree Arcade Bldg., Atlanta, Ga., for the petitioners. Ralph B. Bradbury, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income taxes for the calendar years 1945 and 1946. Deficiencies were determined in the amounts of $231.99 and $267.37, respectively. The questions presented are: (1) Whether petitioner George A. Tatum furnished over one-half of the support of his two children, so as to be entitled to credit for exemption under section 25 (b) (1) (C) and (b) (3) (A) of the Internal Revenue Code; (2) whether he is entitled to deduction of certain "working assessments"; (3) deductibility of contributions claimed to miscellaneous charities; (4) deductibility of claimed cost of nurses uniforms; (5) whether the *182 Commissioner of Internal Revenue, The Tax Court of the United States or any other agency of the United States has power to "dictate what shall constitute support of minor children", under Article X of the Constitution of the United States and the constitution of the state of Georgia. Findings of Fact The petitioners, husband and wife, reside at Atlanta, Georgia, and filed joint Federal income tax returns for the calendar years 1945 and 1946 with the collector for the district of Georgia. Petitioner George A. Tatum, Jr. (hereinafter called petitioner) was married to Olea Tatum about eighteen years ago. Of the marriage there were born two daughters, Rochelle and Joan aged about 12 and 15 years. Petitioner and Olea were legally separated on March 29, 1944, and divorced on July 12, 1945. She is now Mrs. B. R. Garrett. Until the separation the parents and children lived in a small four-room house in Atlanta. The parties executed a written agreement of separation on March 29, 1944, providing, in pertinent part, that the parties are desirous of settling all issues as to support of wife and children and any interest she may have in petitioner's estate, that the household goods and furniture *183 be transferred to the wife in fee simple, and that until her remarriage she should occupy the home with the children, or either of them, which transfer of furniture and right of occupancy is accepted by her in full and complete settlement of any and all claims against petitioner for her support and/or for alimony or attorneys' fees, and in lieu of dowry or as any interest she has or may have in the estate of petitioner; that petitioner shall pay the taxes and insurance on the home; and that the custody of the children being with their mother, petitioner will pay her for the support of the children $5.00 a week each, until marriage or age 18 of such child. The agreement was on March 27, 1945, approved by the Judge of the Superior Court and made the temporary alimony award of the court. The petitioner paid during each of the taxable years to Olea Tatum $520 under the agreement. The children remained with their mother in the home. Petitioner saw them once a week, on Sundays. He did not buy their school books but bought pencils and pads and such matters. The schools furnished the books. He took the children out on Sundays and bought comic books and some candy for them. He took them to *184 the drug store and to an amusement park, and sometimes to the circus; also sometimes to the picture show. He always gave them a gift at Christmas time and on their birthdays. He expended $1.00 a week for such gifts and expenses for the children. He paid the taxes and insurance on the house in the amount of about $67.50 a year, and paid some garbage bills amounting to about $16 a year, for the home. He did not take the children on vacations or buy them any clothing, during the taxable years. He did not make any repairs to the house during either of the taxable years. He paid union dues to the Plumbers and Steamfitters Union at Atlanta. When he worked away from there he was required to pay assessments. He had no receipts for any payments made for assessments. He paid $15 in working assessments in each of the taxable years. The petitioner Helen Tatum, the present wife of George A. Tatum, Jr., during the year 1946 was assistant to a dentist. Her work required that she wear white uniforms, shoes, hose and cap. Her employer so required. He supplied a few uniforms and such things when she ran short. During 1946 she $100expended for the clothing and shoes required by her employer. She *185 acted also as receptionist for the dentist. At that time she was not a licensed dental hygienist. Occasionally she wore to and from work the same clothing used at the dentist's office. The dresses, being nurses' white uniforms, were not adaptable for street wear. The doctor did not reimburse her for expenses paid by her for uniforms and shoes. Olea Tatum earned about $1,710 in 1945 and about $1,740 in 1946, working at the Workmen's Compensation Department. She had no financial help from outside sources during either of the two years except the amounts received from petitioner. She spent no money for furniture during the taxable years and very little for medical expenses either for herself or the children. She remarried in August 1950 and moved out of the house. She gave the furniture away; it was of little value. She claimed the two children as dependents on her returns for 1945 and 1946. She spent about $60 carfare each year for herself. She carried her lunch from home, drank water and purchased no drinks. Her lunch, though taken from home, cost about 35 cents each day or about $100 a year. Her breakfast and dinner cost about $300 a year. She did her own laundry and had no laundry *186 bills. She spent little for clothes. The dress she was wearing at the time of trial cost $7.98. She had some clothes at the time she and the petitioner separated and any clothes she bought were inexpensive. She had to dress neatly in her work. She paid no dues to any organization, and gave very little to the church, about $5.00. She spent on her own clothes less than $250 per year. Her contributions to charity were very small. Insurance on the children cost about $1.47 a week. The policies were made payable to her. Light bills at the house were about $3.00 a month and the gas bill was less than $1.00 a month. She purchased calcimine and paint and painted the walls at an expense of about $20. She spent everything she made during the taxable years and the family lived as simply as possible. Occasionally she took the children to the show and gave them a little spending money. She paid her stepmother $10 a week to take care of the children, but the record does not show whether this was in the taxable years or not and does not show whether the father and stepmother lived with her during the taxable years. Opinion From the above facts, gleaned from a record that is in a considerable *187 degree indefinite and unsatisfactory, we must resolve the several questions above stated. (1) It is apparent that the record justifies no conclusion that the petitioner contributed more than half of the support of the children. The separation agreement provided for the payment by him of $520 a year and he paid that amount. Moreover, he furnished the property where his former wife and children lived. The separation agreement, however, further provided that the wife accept the transfer of furniture and the occupancy of the property in full and complete settlement of any claims that she had against him for her support, alimony and attorneys' fees, and further provided that "said sums" are accepted in lieu of dowry or any interest that she may have in his estate. It thus appears that at least his providing the home and the furniture must be eliminated as contributing to support of the children, if indeed the $520 a year should not be eliminated as "said sums" which under the agreement are accepted by her in lieu of dowry or interest in his estate. The agreement is indefinite in this regard. We, therefore, consider that the $520 a year was actually paid for the support of the children, *188 inasmuch as in addition to the recital as to dowry and interest in estate, the agreement so recites. The petititioner urges that considering the amount spent by the mother on herself and her support of her father and stepmother, it appears that she did not contribute more than half of the support of the children. We can not agree. The record suggests that the father and the stepmother lived perhaps temporarily with the wife and children, but whether this was during the taxable years or not the record does not show. The burden is upon the petitioner. Eliminating the petitioner's providing the house (and no reasonable rental value thereof is shown by the record even if that item was material); also eliminating the furniture, because these two items clearly were in payment of the wife's right to alimony and dower and not for supporting the children, we consider it clear that the petitioner has not shown that more than half of the support of the children was not furnished by the wife, from the approximately $1,700 she earned each year, out of which she saved nothing though her expenses and mode of living were simple and inexpensive. The amounts shown as expended for her personal needs, *189 such as clothing and meals, are not sufficient to show that $520 a year was more than the amount she contributed to the support of the children. The record does not indicate whether either child had personal gross income of more than $500 in either taxable year. Such showing by the petitioner is required by section 25 (b) (1) (C) of the Internal Revenue Code. However, considering in general the evidence of the condition of the family, we have not based our conclusions on the failure of proof in that respect. Upon all the evidence we conclude and hold that the petitioner has not shown that he contributed over half of the support of the children in either taxable year. (2) The petitioner claimed deduction of certain "working assessments" in the amount of $30 for 1945 and $33 in 1946. He had no receipts and his memory was so uncertain about the matter that we have allowed $15 for each year for such deduction. Cohan v. Commissioner, 39 Fed. (2d) 540. (3) The petition claims deduction of miscellaneous charities but no proof was adduced. At trial counsel for petitioner stated that the item would not be insisted upon and left it to the discretion of *190 the Court as to whether reasonable or not. In the total absence of evidence, of course, we can allow nothing on the point. (4) We next consider the deductibility of the cost of uniforms claimed by petitioners because of uniforms supplied by petitioner Helen Tatum while working as a dental assistant. The evidence is indefinite. Claim is made for $160 but the dentist supplied some portion thereof, the amount of which does not appear. Under all the evidence we have concluded and we hold that petitioners are under this item entitled to deduct the amount of $100. Finally, the petitioners suggest briefly that under Article X of Constitution of the United States neither the Commissioner of Internal Revenue nor The Tax Court of the United States nor any other court or agency of the United States has authority to "say what shall constitute support for minor children in Georgia," since the Code of Georgia, Section 74-105, expressly puts the duty of supporting minor children upon the father. Petitioners' brief states that they have no authority to cite on this particular question. The point is not suggested or raised in the petition. It is obviously without foundation and does not merit further *191 discussion. Decision will be entered under Rule 50.